UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA MARTIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOARD OF EDUCATION OF THE BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 20-cv-04389-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT**<br><br>Docket Nos. 117, 118 |

## I.   INTRODUCTION

Plaintiffs Sheila Quintana and Sonya Martin sued the Board of Education of the Berkeley Unified School District (the "Board") and its employees Donald Evans, Pasquale Scuderi, Delia Ruiz, and Maggie Riddle (collectively, "Defendants") under 42 U.S.C. § 1981 for race discrimination. On March 30, 2023, the Court granted Defendants' motion for summary judgment, holding that Plaintiffs' claims were time-barred. Plaintiffs now bring a motion to alter or amend the Court's judgment (erroneously stylized by Plaintiffs as a "motion for new trial") under Federal Rule of Civil Procedure 59(e). Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** the motion to alter or amend the Court's judgment.

///

///

///

///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment[, which] must be filed no later than 28 days after the entry of the judgment."[1] Fed. R. Civ. P. 59(e). Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). The Ninth Circuit has recognized that there are four basic grounds upon which a Rule 59(e) motion may be granted. They are:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## III. DISCUSSION

Plaintiffs present four arguments to support their Rule 59(e) motion: (1) the Court's order was inequitable and violative of Due Process because Plaintiffs were not able to complete fact discovery, (2) the Court committed prejudicial error by not properly considering the decision of the Commission for Teacher Credentialing (the "Commission") not to prosecute Plaintiff Martin for job abandonment, (3) the Court should have considered additional evidence of a racially hostile work environment, and (4) the Court erred in finding that any discrimination against Plaintiff Quintana ended, at latest, on April 22, 2016. (*See* Docket Nos. 118 ("Mot."), 121-2 ("Am. Mot.") at 9-12.) None of these arguments has merit.

Plaintiffs first argue that the Court allowed them only limited discovery and that this "procedural flaw violated Due Process," was "inequitable," and was "prejudicial." (Am. Mot. at 9-10.) It is true that the Court initially allowed the parties to conduct only limited discovery for use in facilitating settlement. (*See* Docket Nos. 33 (minute order on "focused discovery"), 37 (clerk's notice reiterating the minute order).) However, contrary to Plaintiffs' assertion, the Court

---

[1] After filing their Rule 59(e) motion, Plaintiffs filed a corrected motion, which was untimely since it occurred thirty-two days after the Court entered judgment for Defendants. *See* Docket Nos. 114 (entering judgment for Defendants), 121 (corrected filing). Nevertheless, the Court will consider Plaintiffs' amended filing to ensure that Plaintiffs have received adequate process.

opened up fact discovery in a March 29, 2022, scheduling order, well before Defendants filed their November 23, 2022, motion for summary judgment. (*See* Docket Nos. 59 at 2 (scheduling order noting that "Parties may proceed with depositions and written discovery in conformance with the Federal Rules of Civil Procedure"), 84 (motion for summary judgment).) Additionally, if Plaintiffs believed that a lack of discovery prevented them from effectively presenting their opposition, they should have provided the Court, in response to Defendants' summary judgment motion, with an affidavit or declaration specifying what facts they had been unable to discover. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Plaintiffs provided no such declarations or affidavits. Thus, this case's discovery procedure was not inequitable and is not a ground to alter or amend the Court's entry of judgment for Defendants.

        Plaintiffs next argue that the Court erred when discussing the Board's report to the Commission regarding Plaintiff Martin's alleged job abandonment. (Am. Mot. at 9-10.) Plaintiffs aver that (1) the Court mistakenly represented that Martin lost her action before the Commission when in fact "the Attorney General's office denied [sic] to prosecute this action on behalf of the [Commission]," and (2) that the Board reported Martin to the Commission within the limitations period. (*Id.*) However, the Court never discussed the Commission's ultimate decision because it was (and is) irrelevant to whether Martin's claims are time-barred. The Board did report Martin to the Commission in September 2016, within the limitations period; however, *by Plaintiffs' own admission*, this was well *after* Martin's employment with Defendants had ended. (*See* Docket No. 98 ("Summ. J. Opp.") at 6 ("Martin took a vice principal position at a different school district after June 30, 2016, the end date of her position as Principal of Jefferson."); FAC ¶ 30 (noting that "Martin's employment contract for the Principal position at Jefferson Elementary School . . . ended on June 30, 2016"); Docket No. 84-6 Ex. BB (letter to the Commission).) The Court previously noted that acts occurring *after an employment relationship terminates* cannot contribute to a hostile work environment. (*See* Docket No. 113 at 10.) Indeed, because § 1981 claims sound

in contract, those claims cannot be based on conduct that occurred after a contractual relationship has terminated. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the *creation* of a contractual relationship, as well as when racial discrimination impairs *an existing* contractual relationship, so long as the plaintiff has or would have rights under the *existing or proposed* contractual relationship." (emphasis added)). Plaintiffs thus do not show that the Court made an error in fact or law regarding the report to the Commission, nor do they show that altering the judgment is necessary to prevent manifest injustice. This issue, too, is not a ground to alter or amend the Court's entry of judgment.

Plaintiffs further maintain that they "can readily establish, on available evidence, that theirs was a racially hostile work environment." (Am. Mot. at 11.) Plaintiffs proceed to list "evidence that can be presented at a jury trial that has been discussed in their Motion in Opposition to summary judgment." (*Id.* at 11-12.) However, Plaintiffs' evidence is irrelevant to the statute of limitations question. The Court never decided whether a hostile work environment existed; rather, the Court found Plaintiffs' claims time-barred because they did not allege any acts of discrimination within the limitations period. (*See* Docket No. 113 at 10.) Plaintiffs' argument that the Court improperly rejected evidence of hostile work environment because "Federal Civil Jury Instruction 10.5 allows the evidence of racial hostility against others of Plaintiffs' same race as probative of the hostile environment" is similarly irrelevant. (Am. Mot. at 5.) So are the cases upon which Plaintiffs rely. (*Id.*) The sole issue here is the timeliness, not the merits, of Plaintiffs' hostile work environment claim. Plaintiffs have shown no error, newly uncovered evidence, or manifest injustice regarding the hostile work environment claim.

Finally, Plaintiffs contend that the Court made a "manifest error of law" by holding that Plaintiff Quintana did not allege discrimination after April 22, 2022, when she submitted her letter of resignation. (Docket Nos. 125 ("Reply") at 2-3, 121-1 (Quintana declaration stating that individuals who submit letters of resignation to the Berkley Unified School District "rescind their resignation from said district" in a "practice [that] is quite commonplace").) This argument fails for three reasons. First, in their opposition to Defendants' motion for summary judgment, Plaintiffs noted, "[t]he discrimination continued against Quintana until she was forced to resign

4

instead of staying in such a hostile environment infested with racism against her and all persons of her race." (Summ. J. Opp. at 9.) Hence, Plaintiffs stated that the discrimination against Quintana ended when she was forced to resign, not when her resignation became effective. Second, even if Plaintiffs had alleged that Quintana faced discrimination until her resignation became effective, they alleged no specific discrimination Quintana faced on that day. Thus, any assertion that Quintana faced discrimination on June 30, 3016, would be conclusory and insufficient. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986) (noting that once the moving party meets its initial burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial" (internal quotation and citation omitted)). Third, Plaintiffs had ample opportunity to provide a fulsome account of Quintana's last day of employment during summary judgment, and they furnish no reason why they did not do so. In any event, for the reasons stated above, even if Plaintiff had sufficiently alleged she suffered discrimination on the day she was terminated, her § 1981 claim would still be untimely. This issue provides no grounds for altering or amending the Court's entry of judgment for Defendants.

None of Plaintiffs' arguments raise any manifest error of fact or law upon which the Court's previous order rested, point to any new evidence, any change in controlling law, or show that granting this motion is necessary to prevent manifest injustice. Therefore, the Court denies Plaintiffs' motion to alter or amend the Court's judgment.[2]

### IV.   CONCLUSION

The Court **DENIES** Plaintiffs' motion to alter or amend the judgment.

This order disposes of Docket Nos. 117 and 118.

**IT IS SO ORDERED**.

Dated: June 27, 2023

_____
EDWARD M. CHEN
United States District Judge

---

[2] Defendants have also submitted a bill of costs, which Plaintiffs oppose on the grounds that their motion for new trial renders the bill of costs premature. (Docket Nos. 117, 119.) Because Defendants have surely incurred new costs in opposing Plaintiffs' motion, the Court agrees. Defendants should file a new bill of costs reflecting any additional expenses they incurred.